UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
JABARI BAKER,

                             Plaintiff,

                                            18 Civ. 5003 (NRB)

           vs.                                 **FIRST AMENDED**
                                              **COMPLAINT**

THE CITY OF NEW YORK,
NYPD OFFICER PEDRO JIMINIAN,
NYPD OFFICER TENZIN GYALTSEN,
NYPD SERGEANT HUI CHI,

                            Defendants.
-----------------------------------------------------------------X

## PRELIMINARY STATEMENT

1.     This is an action to recover money damages arising out of defendants' violation of plaintiff's rights as secured by the Civil Rights Act, 42 U.S.C. Section 1983, and of rights secured by the Fourth and Fourteenth Amendments to the United States Constitution.  Plaintiff, after paying his subway fare, was subjected to unreasonable and unjustified excessive force and falsely arrested when NYPD officers grabbed plaintiff, threw him down face first, causing him to sustain serious injuries to his mouth, front teeth, and body that required emergency medical and dental treatment.

## JURISDICTION

2.     This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.  Jurisdiction is

conferred upon this Court by 28 U.S.C. §§ 1331, 1343 (3) and (4) and the aforementioned statutory and constitutional provisions.

## VENUE

3.      Venue is proper for the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1391, (a), (b) and (c) because the claims arose in this district.

## JURY DEMAND

4.      Plaintiff hereby demands trial by jury of all issues properly triable thereby.

## PARTIES

5.      Plaintiff Jabari Baker, at all times relevant, was a resident of the county of New York, state of New York, and a citizen of the United States.

6.      NYPD Officer Pedro Jiminian (tax ID number 945856) is and was at all times relevant herein an officer, employee, and agent of the New York City Police Department ("NYPD").  On the date of the incident, March 2, 2016, he was assigned to the Transit Division District 3 in New York County.  Defendant Jiminian is being sued herein in his individual capacity.

7.      NYPD Officer Tenzin Gyaltsen is and was at all times relevant herein an officer, employee, and agent of the NYPD.  On the date of the incident, March 2, 2016, he was assigned to the Transit Division District 3 in New York County.  Defendant Gyaltsen is being sued herein in his individual capacity.

8.      NYPD Sergeant Hui Chi is and was at all times relevant herein an officer, employee, and agent of the NYPD.  On the date of the incident, March 2, 2016, he was

assigned to the Transit Division District 3 in New York County.  Defendant Chi is being sued herein in his individual capacity.

9.      At all times relevant herein, Defendants Jiminian, Gyaltsen, and Chi ("Individual Defendants") were acting under color of state law in the course and scope of their duties and functions as agents, servants, employees and officers of the New York City Police Department, and otherwise performed and engaged in conduct incidental to the performance of their lawful functions in the course of their duties.  They were acting for and on behalf of the New York City Police Department at all times relevant herein, with the power and authority vested in them as officers, agents and employees of the NYPD and incidental to the lawful pursuit of their duties as officers, employees and agents of the New York City Police Department.

10.     Defendant City of New York is a municipal entity created and authorized under the laws of the State of New York.  It is authorized by law to maintain a police department which acts as its agent in the area of law enforcement and for which it is ultimately responsible.  The Defendant City of New York assumes the risks incidental to the maintenance of a police force and the employment of police officers as said risks attach to the public consumers of the services provided by the New York City Police Department.

## STATEMENT OF FACTS

11.     At approximately 11:00 a.m. on March 2, 2016, Mr. Baker, a 24-year old Harlem resident, was on his way to the Bronx Zoo to apply for a job.  He swiped his metro card and went through the turnstile, entering the 135th Street subway station for the

#2 train uptown.  After lawfully entering the subway station, Mr. Baker held open the emergency exit door for a woman with a baby stroller.  About one to two minutes later, while Mr. Baker was merely standing on the platform waiting for the train, the Individual Defendants grabbed Mr. Baker from behind and with great force threw him onto the ground face first.

12.     Prior to grabbing and throwing Mr. Baker onto the ground, the Individual Defendants did not identify themselves, did not ask Mr. Baker any questions, and did not inform Mr. Baker that he was under arrest.  They used unnecessary and extreme force as a first resort -- not last.  Due to the Individual Defendants' use of unreasonably excessive force, Mr. Baker suffered two broken front teeth, a loose front tooth, swollen and bloody mouth, and abrasions to his hip and hand.

13.     Despite having no probable cause to arrest, the Individual Defendants handcuffed and drove Mr. Baker to the transit police station by the 145th Street A train.  Mr. Baker was photographed, fingerprinted, searched, and held for hours before finally being released pursuant to a Desk Appearance Ticket.  The Individual Defendants falsely accused Mr. Baker of theft of services, a class A misdemeanor.

14.     Immediately upon his release, Mr. Baker went to Harlem Hospital where he was treated in the emergency department with pain medication, had his wounds cleaned and dressed, and referred for dental treatment.

15.     The next day on March 3, 2016, Mr. Baker went to Columbia University College of Dental Medicine where he was treated for his broken and loose front teeth.  For several months after the incident, Mr. Baker was unable to use his front teeth because

of pain and instability to the loose tooth.  Although his broken front teeth have been restored, the restoration is discolored and his front teeth are now crooked – a daily reminder of the traumatic incident.

16.     Mr. Baker appeared in New York County Criminal Court on April 19, 2016 and numerous subsequent adjourn dates on the false charges brought by the Individual Defendants.  Mr. Baker finally consented to have his case adjourned in contemplation of dismissal.

17.     The unjustified excessive force and false arrest committed by the Individual Defendants caused Mr. Baker to sustain physical and emotional injuries that are ongoing.

### FIRST CAUSE OF ACTION
**42 U.S.C. § 1983/Fourth Amendment/Excessive Force**

18.     Plaintiff repeats and realleges the foregoing paragraphs as if the same were fully set forth at length herein.

19.     The use of excessive force by the Individual Defendants in grabbing and throwing Mr. Baker face first onto the ground was an objectively unreasonable physical seizure of plaintiff in violation of his rights under the Fourth Amendment to the United States Constitution.

20.     The failure of the Individual Defendants, who had a duty to intervene, prevent, and stop the other from committing the unreasonable physical seizure against plaintiff, was also objectively unreasonable in violation of plaintiff's rights under the Fourth Amendment to the United States Constitution.

## SECOND CAUSE OF ACTION
### 42 U.S.C. § 1983/ Fourth and Fourteenth Amendment Rights/False Arrest

20.     Plaintiff repeats and realleges the foregoing paragraphs as if the same were fully set forth at length herein.

21.     The Individual Defendants, who were acting in concert and within the scope of their authority and employees of the City of New York, arrested and caused plaintiff to be imprisoned without probable cause in violation of his rights to be free of an unreasonable seizure under the Fourth Amendment to the Constitution of the United States and to be free of a deprivation of liberty under the Fourteenth Amendment to the Constitution of the United States.

22.     Defendants intended to confine plaintiff and, in fact, confined plaintiff, and plaintiff was conscious of the confinement.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff requests that the Court grant the following relief jointly and severally against Defendants:

1.     Compensatory damages in an amount to be determined at trial for the physical and psychological injuries sustained by plaintiff as a result of the events alleged herein.

2.     Punitive damages against the Individual Defendants in an amount to be determined at trial.

3.     For pre-judgment interest as allowed by law.

4.      An order awarding plaintiff reasonable attorneys' fees, pursuant to 42

U.S.C. §1988, together with the costs of this action.

5.      Such other further relief as the Court may deem appropriate.


Dated: October 25, 2018
        New York, New York


                                ROMANO & KUAN, PLLC


                                Julia P. Kuan (JK 3822)
                                600 Fifth Avenue, 10th Floor
                                New York, New York 10020
                                (212) 763-5075
                                julia.kuan@romanoandkuan.com

                                *Attorneys for Plaintiff*


To:     Mark Zuckerman, Esq,
        New York City Law Department
        100 Church Street
        New York, New York 10007
        mzuckerm@law.nyc.gov
        (via ECF)